Dorothy SHELTON, Wife of, and Donald Ray Sander, Plaintiffs,

v.

Jack Perry BREWER and National Surety Corporation, Defendants.

No. 11302.

United States District Court E. D. Louisiana, New Orleans Division.

Sept. 21, 1962.

Gerald P. Aurillo, New Orleans, La., for plaintiffs.

Leon A. Picou, Jr., St. Francisville, La., for defendant, Jack Perry Brewer.

Curtis, Foster, Dillon & Huppenbauer, Gerard M. Dillon, Francis J. Mooney, Jr., New Orleans, La., for defendant, National Surety Corporation.

AINSWORTH, District Judge.

This is an action based on diversity for recovery of damages resulting in the death of plaintiffs' minor child, caused by injuries sustained when she was struck by an automobile driven by defendant Brewer in an easterly direction on U. S. Highway 190 within the city limits of Covington, Louisiana. The accident occurred on May 31, 1961, at approximately 7:00 a. m., while the child was waiting at a regular school bus stop near the intersection of South Johnson Street and the highway. At the time the highway on which it occurred was under construction from a point approximately 6 miles west to a point approximately 2 miles east of the place of the accident. The construction was being performed by T. L. James & Company, Inc. pursuant to a contract with the Louisiana Department of Highways. Defendant National Surety Corporation is the public liability insurer of the construction company. Suit was originally brought against the driver alone and subsequently amended to include the insurer.

Defendant National Surety Corporation has moved this court to enter a summary judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. on the ground that there is no genuine issue as to any material fact herein and that defendant is entitled to judgment as a matter of law.

Plaintiffs allege negligence of the driver and the construction company in that: " * * * T. L. James & Co., Inc. took no steps to protect plaintiffs' daughter from being struck; that Defendant's * * * assured, T. L. James & Co., Inc.

was engaged in constructing and repairing the road in the vicinity of the accident and failed to take any steps to protect plaintiffs' daughter and others from being struck by automobiles traveling in the area * * * T. L. James & Co., Inc. failed to protect plaintiffs' daughter, deceased, from being struck by an automobile and killed and failed to protect her in any way." [1]

Plaintiffs contend that two genuine issues of fact exist which should defeat the motion for summary judgment: "Whether the highway was being constructed and repaired by James in the vicinity of the accident," and, "Whether there existed on the highway in the vicinity of the accident a dangerous condition that was caused by James."

The dangerous condition stated by plaintiffs was the alleged removal of or failure to replace the Covington city limits sign on the highway, the existence of piles of dirt along the highway, and the construction of a culvert in the vicinity of the accident.

Defendant insurer submitted two affidavits, one by a policeman of the City of Covington and the other by the Project Engineer for the Department of Highways.

The policeman stated that he arrived at the scene of the accident, which was approximately 50 feet east of the intersection of U. S. Highway 190 and South Johnson Street, approximately 10 minutes after its occurrence; that the body of the child was still at the scene of the accident; that the driver Brewer had been traveling in an easterly direction on U. S. Highway 190; that he inspected the paved roadway of the highway for a distance of at least 256 feet west of the point of occurrence of the accident, and there were no defects therein; that there was no road construction work being done on, along, or adjacent to the said highway for a distance of at least 300 yards east and 300 yards west of its intersection with South Johnson Street and there was no road building machinery or equipment in that area.

The Project Engineer stated in his affidavit that the length of the construction project was 8.914 miles; that the work to be done consisted of grading, drainage structures and widening the existing roadway. His written reports show that no work was being done in the vicinity of the accident on the date in question.

Plaintiffs produced two affidavits, one by a resident of Covington, Louisiana, and the other by a carpenter's helper who was employed by the construction company and who worked on the highway in the vicinity of the accident.

The first affiant stated that on and before the date of the accident the highway appeared to be under construction; that it was being widened and had been widened at various points; that the Covington city limits sign that had been located at the intersecting point of U. S. Route 190 and the west city limits had been removed on or about March 1961. (He did not state who removed the sign.)

The carpenter's helper stated that while traveling along the highway on May 31, 1961, and prior thereto, he noticed piles of dirt and uneven hills along the shoulders on both sides of the highway; that the highway appeared to be under construction and the construction work appeared to be incomplete; that there is a culvert at a point on the highway approximately 200 feet east of its intersection with South Johnson Street; that construction work on the north part of the culvert appeared to be completed, except that he noticed piles of dirt on the side of the road near and around the culvert; that construction work on the south part of the culvert appeared to be incomplete; that prior to March 1961 there had been a Covington city limits sign erected and in place at the intersecting point of U. S. Highway 190 and the west side city limits; that he did not see any sign resembling it

1. Plaintiffs' answers to interrogatories Nos. 12 and 14.

after March 1961 until some time after the accident.

After a careful study of the complaint, answers to interrogatories, and affidavits submitted by plaintiffs, the only charge of negligence against the construction company we can find is the vague allegation of a dangerous or hazardous condition of the highway brought about by the existence of piles of dirt along the sides of the highways and the removal or failure to replace the Covington city limits sign.

Neither of plaintiffs' deponents states that the city limits sign was removed by the construction company. Conceding, for the sake of argument, that this sign was removed by the construction company, plaintiffs cannot avail themselves of this fact because such action had no causal connection with the accident.

The road was straight, level, dry, concrete, containing no defects, according to the accident report. The affidavit of the policeman who made this report shows that there were no defects in the paved roadway. The affidavits of the policeman and project engineer disclose that there was no actual construction work being performed on the day of the accident in the pertinent area.

Plaintiffs' affidavits show only that construction work was being performed along U. S. Highway 190 and that piles of dirt existed alongside of the highway. Neither affiant states that work was being performed or that the piles of dirt were located at the particular site of the accident. One affiant stated that he noticed piles of dirt on the side of the road near and around a culvert which is located approximately 200 feet east of (and beyond) the scene of the accident. There is no allegation that the driver's vision was obscured by the piles of dirt. There is no causal connection alleged, or that could be reasonably inferred, between the existence of the piles of dirt and the accident.

Construing the facts most favorably to plaintiffs, we are compelled to conclude that there is no cause of action against the construction company's insurer, as no hazard existed at the place or in the area where the accident occurred which would create a legal or contractural obligation on the part of the contractor to warn the public approaching this particular site.

Under the terms of the contract between the construction company and the Department of Highways, the contractor was required to erect necessary barricades, lights and danger signals for the protection of the public. This requirement was fulfilled by James.[2]

Plaintiffs call our attention to the test for determining the liability of a road contractor as enunciated by the Fifth

2. Defendant's answers to interrogatories Nos. 36 and 37. "When work on the Project was commenced on February 8, 1961, 'Slow Road Repairs' signs were placed on both sides of the road at each end of the Project. Approximately 200 feet from these signs, panel type barricades were installed on both sides of the road, about 4 feet from the edge of the pavement. At the Robert end of the Project, 45 mile per hour speed limit signs were placed on the barricades. At the Covington end of the Project, 20 mile per hour speed limit signs were placed on the barricades. The signs and barricades at each end of the Project were electrically lighted. The 'Slow Road Repairs' signs each had one amber light, and three bulbs were placed on each barricade. Throughout the Project there were 45 mile per hour speed limit signs at one-mile intervals on each side of the road. All of the foregoing are still in place. Whenever the work of T. L. James & Co., Inc. might result in the creation of a hazard on the road, additional 'Slow Road Repairs' signs were placed about 300 feet from the site of such hazard, and the hazard itself was barricaded with panel type barricades and illuminated at night by pot flares. During working hours, if the roadway was obstructed by machinery, flagmen were used. These were the procedures involved in connection with the extension of culverts at Stations 1004/37, 994/38.5 and 1054/79.5. Such signs, barricades, pot flares and watchmen were maintained in place or employed as long as any such hazard to motorists remained in existence."

Circuit in McClendon v. T. L. James & Company [3] and cited with approval by a Louisiana Court of Appeal in Harrelson v. Travelers Insurance Company: [4]

"As stated in the McClendon case, supra, whenever the contractor's work, completed or in progress, created or gave rise to a hazard which would not have otherwise existed, then the burden of the contractual obligations would be imposed on the contractor. Also it is to be noted that the Court stated that in the performance of its contract, the contractor must carry on the work with reasonable prudence and members of the travelling public are the beneficiaries of that requirement. And a failure to heed that standard imposes liability on the contractor. Under the contract Coastal had a duty to sign and barricade danger spots. For its failure to do so, even though it is a breach of contract, it cannot be relieved of liability. This was such a breach as to be a breach of duty to the travelling public."

In the McClendon case, supra, a head-on collision resulted from "a bad sunken, broken place in the concrete highway just to the right (north) of the center stripe." Plaintiffs alleged failure of the contractor to warn the public of the hazard. The Fifth Circuit upheld a verdict for defendants, finding no breach of duty by the contractor (construction work had not actually started on the portion of the highway whereon the broken pavement was located), but stated:

"Of course, in the performance of its contract, the Contractor must carry on the work with reasonable prudence and members of the traveling public are obvious beneficiaries of that requirement. Failure to heed that standard imposes liability on a Contractor where what it has done, or not done, has had instrumental effect in creating the condition out of which the danger comes."

In the Harrelson case, supra, the highway at the point of collision was under construction by the contractor. There was a break in the pavement, triangular in shape, with the apex near the center of the highway and the base at the edge of the highway, the former being approximately one foot wide and the latter two-three feet wide. The break was several inches deep and had large pieces of pavement in it. The contractor had failed to place markers or warning signs in the vicinity of the cracked highway.

In both of the cited cases a dangerous road hazard existed which defendant contractors had been employed to repair and eliminate.

The facts in the present case are not analogous. There are no facts in plaintiffs' affidavits which show that anything done or alleged to have been done by the contractor constituted a hazard or had any connection with the accident. There is nothing that the contractor did or failed to do which violated a legal duty.

■■ A summary judgment should be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Here we are satisfied that there is no genuine issue as to any material fact, plaintiffs having failed to allege or support by affidavits any facts whatsoever which constitute negligence having a causal relationship to the defendant driver's striking and killing plaintiffs' minor daughter.

Motion for summary judgment in favor of defendant insurer of the construction company is hereby granted.

3. 231 F.2d 802, 5 Cir. 1956.

4. 128 So.2d 254, 3 Cir. 1961.